UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUNDER'S AUTO CENTER,

        Plaintiff,

vs.                           Case No.: 8:09-cv-00456-SDM-MAP

STATE FARM INSURANCE,

        Defendant.
_____/

**DEFENDANT'S MOTION TO DISMISS COUNTS II AND III
OF PLAINTIFF'S FIRST AMENDED COMPLAINT AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

    Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), incorrectly designated in the caption as "State Farm Insurance," pursuant to Fed. R. Civ. P. 10(b) and 12(b)(6), and M.D. Fla. Local Rule 3.01(a), hereby moves for the entry of an order dismissing Counts II and III of the First Amended Complaint filed herein by the plaintiff, Gunder's Auto Center ("Gunder's") for failure to state a claim upon which relief can be granted.[1] In support of its motion, State Farm would show the following:

    1.    Count II of the First Amended Complaint purports to state a cause of action for tortious interference with an advantageous business relationship but alleges that State Farm was a party to the only specific business relationships

---

[1] State Farm has concurrently filed its Answer to Count I of the First Amended Complaint.

alleged and otherwise fails to adequately allege interference with any specific business relationship.

2. Count III of the First Amended Complaint purports to state a cause of action for issuance of a temporary and permanent injunction that would constitute an invalid prior restraint on speech based on its content.

## MEMORANDUM OF LAW

State Farm submits the following memorandum of legal authority in support of its Motion to Dismiss Counts II and III of the plaintiff's First Amended Complaint pursuant to M.D. Fla. Local Rule 3.01(a).

### Standard for Rule 12(b)(6) Motions to Dismiss

It is of course well settled that, in ruling on a motion to dismiss, the Court must accept the allegations contained in the complaint as true. Jackson v. Okaloosa County, 21 F.3d 1531, 1534 (11th Cir. 1994).  However, while a complaint does not need detailed factual allegations, a plaintiff's allegations must provide "more than labels and conclusions..." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  Courts are not bound to accept as true legal conclusions couched as factual allegations, and "formulaic recitations of the elements of a cause of action will not do." Id., citing Papasan v. Allain, 478 U.S. 265, 286 (1986).

2

"Rule 8(a)(2) still requires a 'showing' rather than a blanket assertion, of entitlement to relief," and "[f]actual allegations must be enough to raise a right to relief above the speculative level...". <u>Twombly</u>, 127 S.Ct. at 1965 and n.3. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." <u>Jackson v. BellSouth Telecommunications</u>, 372 F.3d 1250, 1263 (11th Cir. 2004).

### **As to Count II**

Count II of the First Amended Complaint purports to state a cause of action for tortious interference with an advantageous business relationship.  To state a claim for tortious interference with an advantageous business relationship under Florida[2] law, a plaintiff must plead ultimate facts as to "existence of a business relationship, defendant's knowledge of the relationship, defendant's intentional and unjustified interference with the relationship and damage to the plaintiff as a result of the breach of the relationship." <u>St. Johns River Water Management Dist. v. Fernberg Geological Services, Inc.</u>, 784 So. 2d 500, 504 (Fla.

---

[2]   As jurisdiction in this matter is based on diversity, Florida's substantive law of course applies to the Plaintiff's claims. <u>Erie R.R. Co. v. Tompkins</u>, 304 U.S. 64, 58 S.Ct. 817 (1938).

3

5th DCA 1994); Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So 2d 812 (Fla. 1994).  For interference to be unjustified, the interfering defendant must be a stranger to the business relationship.  Ethyl Corp. v. Balter, 386 So. 2d 1220, 1225 (Fla. 3d DCA 1980); see also Genet Co. v. Annheuser-Busch, Inc., 498 So. 2d 683, 684 (Fla. 3d DCA 1986).

Paragraph 18 of the First Amended Complaint alleges that State Farm has been and is a provider of automobile insurance to Gunder's customers and potential customers, and that these customers submit claims to State Farm for the repair work performed by Gunder's.  Therefore, under the allegations of the First Amended Complaint, State Farm is a party to the business relationship and, as a matter of law, no cause of action exists. Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F.3d 1285, 1294 (11th Cir. 2001); Heavener, Ogier Services, Inc. v. R.W. Florida Region, Inc., 418 So. 2d 1074, 1077 (Fla. 5th DCA 1982).  Count II should accordingly be dismissed.

Count II further fails to allege that any identified customer failed to do business with Gunder's as a result of the alleged interference.  Although it names three individuals, the Amended Complaint does not identify specific business relationships that were actually interfered with by State Farm, instead alleging interference with relationships

4

with "customers" or "otherwise prospective customers" (¶19); "steer[ing]" (¶20), however that term may be defined, is not interference under Florida law. No cause of action for tortious interference with an advantageous business relationship has been adequately alleged.

While the business relationships within the scope of this tort do not need to be evidenced by contracts, the business relationships must be "evidenced by an actual and identifiable understanding or agreement which at all probability would have been completed if the defendant had not interfered." St. Johns River, 784 So. 2d at 504. No cause of action exists for "tortious interference with a business' relationship to the community at large." Ethan Allen, 647 So. 2d at 815. The First Amended Complaint does not allege that any specific individual intended to have his car repaired by Gunder's, nor does it allege that, as a result of State Farm's interference, the customer decided not to "complete" the business relationship. The mere fact that an individual was a past customer does not establish an advantageous business relationship. As the Florida Supreme Court has explained:

> [Plaintiff] Georgetown's relationship with its past customers was not one upon which a claim for tortious interference with a business relationship could be based. Georgetown had no identifiable

5

>> agreement with its past customers that they would return to Georgetown to purchase furniture in the future. The mere hope that some of its past customers may choose to buy again cannot be the basis for a tortious interference claim.

Ethan Allen, 647 So. 2d at 815.

In Brumer v. HCA Health Services of Florida, Inc., 662 So. 2d 1385 (Fla. 4th DCA 1995), the court held that the complaint did not state a cause of action for intentional interference with a prospective business relationship where the plaintiff did not plead that the defendant actually interfered with a particular, specific relationship. No cause of action exists where interference is only negligently or consequential effected. Ethyl Corp., 386 So. 2d at 1224. The First Amended Complaint should also be dismissed because no direct interference as to a particular relationship is pled.

### As to Count III

Count III of the First Amended Complaint purports to state a cause of action for issuance of a temporary and permanent injunction that would constitute a prior restraint on speech based on its content. However, such a restriction is presumptively invalid. Additionally, Count III improperly incorporates each of the general allegations contained in paragraphs 4 through 11 of the First Amended Complaint as well

6

as each paragraph contained in all preceding counts of the First Amended Complaint.

Under Fed. R. Civ. P. 10(b), a party must state its claims that are founded upon separate transactions or occurrences in separate counts whenever such separation would facilitate the clear presentation of the matters set forth. Perez v. Radio Shack Corp., 2002 WL 1335158, *2 (S.D. Fla. 2002). In the present case three claims are combined in Count III; the Eleventh Circuit has disfavored this practice as it prevents State Farm from understanding the nature of the allegations, thereby preventing it from forming a reasonable response. Waxman v. Equitable Life Assurance Society, 2008 WL 619321, *2 (S.D. Fla. 2008), citing Beckwith v. Bellsouth Telecommunications, Inc., 146 Fed. Appx. 368, 371 (11th Cir. 2005).

While adoption by reference can be appropriate under Rule 10, it should be done with a degree of specificity and clarity that will enable the responding party to easily determine the nature and extent of the incorporation. Wolfe v. Charter Forest Behavioral Systems, Inc., 185 F.R.D. 225 (W.D. La. 1999). Count III fails to meet this standard. State Farm is "entitled to a Complaint containing specific allegations of

its alleged wrongdoing separated into individual counts." Waxman, 2008 WL 619321, *2.

A court may issue a preliminary injunction when the movant demonstrates 1) a substantial likelihood of success on the merits, 2) that irreparable injury[3] will be suffered unless the injunction issues, 3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party and 4) if issued, the injunction would not be adverse to the public interest. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes each of the four prerequisites. McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). None of the four prerequisites are adequately alleged in the First Amended Complaint, and it is doubtful that any could be; substantial likelihood of success and non-adversity to the public interest are particularly improbable in the case of an effort to establish a prior restraint on speech.

---

[3] The possibility that adequate compensatory relief (sought by the plaintiff in Count I) will be available at a later date, in the ordinary course of litigation, weighs heavily against injunctive relief. Northeastern Fla. Chapter of Ass'n of General Contractors of America v. City of Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990).

Substantively, Count III is seeking a content-specific prior restraint of speech between State Farm and unidentified persons generally alleged to be Gunder's customers. Effectively, Gunder's wants the Court to tell State Farm what it can and cannot say. As a general matter, the First Amendment means that the government has no power to restrict expression because of its content, Ashcroft v. American Civil Liberties Union, 535 U.S. 564, 573, 122 S.Ct. 1700, 1707 (2002), and content based regulation of speech is presumptively invalid. R.A.V. v. City of St. Paul, 505 U.S. 377, 382, 112 S.Ct. 2538, 2542 (1992). As a practical matter, only the most extraordinary circumstances will justify the regulation of expression based on its content. Dimmit v. City of Clearwater, 985 F.2d 1565, 1570 (11th Cir 1995), citing Brandenburg v. Ohio, 395 U.S. 444, 89 S.Ct. 1827 (1969); see also, American Booksellers v. Webb, 919 F.2d 1493, 1500 (11th Cir. 1990). Such circumstances are not alleged by the First Amended Complaint to exist.

## Conclusion

Count II of the First Amended Complaint sets forth allegations that establish that State Farm was a party to the business relationship(s) with which it allegedly interfered and fails to allege that any identified individual intended to

9

complete a business transaction with the plaintiff but did not do so because of the interference, and fails to state a claim upon which relief can be granted as a result. Count III of the First Amended Complaint requests the issuance of an injunction that, if granted, would constitute a presumptively invalid, content based prior restraint on speech. Counts II and III of the First Amended Complaint are required to be dismissed as a result.

**TAYLOR, DAY, CURRIE, BOYD & JOHNSON**

 /s/ Reed W. Grimm
Reed W. Grimm, Trial Counsel
Florida Bar No. 602353
50 North Laura Street, Suite 3500
Jacksonville, FL 32202
904/356-0700
904/356-3224 (facsimile)
rwg@tdclaw.com

Attorneys for Defendant State Farm Mutual Automobile Insurance Company

**Certificate of Service**

 I HEREBY CERTIFY that on April 24, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to **A. Brent Geohagen, Esquire**, attorney for Plaintiff Gunder's Auto Center, at abrent@geohagenlaw.com.

 /s/ Reed W. Grimm
Attorney

00442436.WPD   249.08541