UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GUNDER'S AUTO CENTER,

    Plaintiff,

v.                                                                                          CASE NO: 8:09-cv-456-T-23MAP

STATE FARM INSURANCE,

    Defendant.
_____/

**ORDER**

The plaintiff sues (Doc. 5) State Farm Mutual Automobile Insurance Company ("State Farm")[1] for slander and tortious interference with a business relationship. State Farm moves to dismiss (Doc. 7) the tortious interference claim and the plaintiff's request for injunctive relief and to strike (Doc. 8) paragraphs seven and ten of the amended complaint (the "complaint"). The plaintiff opposes (Doc. 9) the motion to dismiss but fails to respond to the motion to strike.

Facts

The plaintiff is an automobile repair shop in Polk County, Florida. State Farm issues automobile insurance policies to Florida customers. The plaintiff alleges that in 2004 State Farm began "steering" the plaintiff's current and potential customers to competing repair shops. State Farm allegedly "intentionally and unjustifiably interfered with [the plaintiff's] relationships with its customers by falsely stating to [the plaintiff's] customers and otherwise prospective customers . . . that [the plaintiff] was

---

[1] The defendant is incorrectly designated in the caption as "State Farm Insurance." (See Doc. 7 at 1)

'overcharging' its customers" and that the plaintiff repaired vehicles in an untimely, inefficient, and "sub-standard" manner. (Doc. 5, ¶ 19) The plaintiff alleges that State Farm's "false, defamatory, and tortious statements have injured [the plaintiff] by 'steering' prospective . . . customers away from using [the plaintiff] to repair their vehicles." (Doc. 5, ¶ 10) The complaint identifies by name three "prospective customers" who "were State Farm insureds and would have had their vehicles repaired [by the plaintiff], in lieu of another automobile repair shop, but for" State Farm's false statements. (Doc. 5, ¶ 10)

### Standard of Review

During resolution of a motion to dismiss, allegations in the complaint are assumed true and construed favorably to the opposing party. Beck v. Deloitte & Touche, 144 F.3d 732 (11th Cir. 1998). Under the notice pleading standard of the Federal Rules of Civil Procedure, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007). However, neither a conclusory allegation nor "a legal conclusion couched as a factual allegation" supports the sufficiency of a complaint. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also Ashcroft v. Iqbal, No. 07-1015, slip op. at 14 (U.S. May 18, 2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" (quoting Twombly, 550 U.S. at 555)).

### Motion to Dismiss

In Count I of the complaint, the plaintiff seeks damages for State Farm's alleged slander of the plaintiff's business.  Count II seeks damages for tortious interference with a business relationship.  In Count III, the plaintiff seeks "a temporary and permanent injunction enjoining [State Farm] from making false and slanderous statements regarding [the plaintiff] and to cease from interfering with [the plaintiff's] business relationships."  (Doc. 5 at 8)  State Farm moves to dismiss Counts II and III of the complaint.

A claim for tortious interference requires "(1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship."  Gossard v. Adia Servs., Inc., 723 So. 2d 182, 184 (Fla. 1998).  Although not necessarily featuring a written or even an enforceable contract, the adversely affected business relation "must afford the plaintiff existing or prospective legal or contractual rights."  Register v. Pierce, 530 So. 2d 990, 993 (Fla. 1st DCA 1988).

The complaint alleges that the plaintiff cultivated and conducted business "with many individuals in the Polk County area for many years."  (Doc. 5, ¶ 5)  The plaintiff alleges that State Farm "intentionally and unjustifiably interfered with [the plaintiff's] relationships with its customers by falsely stating to [the plaintiff's] customers and otherwise prospective customers, inter alia, that [the plaintiff] was 'overcharging' its customers and thereafter refusing to pay [the plaintiff's] customers' rightful insurance claims."  (Doc. 5, ¶ 19)  The complaint identifies by name three "prospective customers"

who "were State Farm insureds and would have had their vehicles repaired [by the plaintiff], in lieu of another automobile repair shop, but for" State Farm's false statements. (Doc. 5, ¶ 10) Finally, the complaint alleges that since 2004, when State Farm "began its effort of continually communicating false, slanderous, and tortious statements about [the plaintiff] to [State Farm's] insureds, [the plaintiff's] total sales from [State Farm's] insureds have dropped significantly." (Doc. 5, ¶ 11)

State Farm argues for dismissal of Count II because "the interfering defendant must be a stranger to the business relationship." (Doc. 7 at 4) See Ethyl Corp. v Balter, 386 So. 2d 1220, 1225 (Fla. 3d DCA 1980). The complaint alleges that State Farm obtained knowledge of the plaintiff's business relationship when one of the plaintiff's customer submitted a claim to State Farm. (Doc. 5, ¶ 18)  Even construed favorably to the plaintiff, the complaint alleges that State Farm "interfered" only with the plaintiff's customers who submitted claims to State Farm. Because State Farm must indemnify the plaintiff's customer for the repair performed by the plaintiff, State Farm is an interested party in the business relation between the plaintiff and those customers who are State Farm insureds. See Barco Holdings, LLC v. Terminal Inv. Corp., 967 So.2d 281, 293 (Fla. 3d DCA 2007) ("'There can be no claim for tortious interference with a business relationship where the action complained of is undertaken to safeguard or promote one's financial or economic interest.'" (quoting Genet Co. v. Annheuser-Busch, Inc., 498 So.2d 683, 684 (Fla. 3d DCA 1986); Restatement (Second) of Torts § 769 (2008). Accordingly, Count II fails to state a claim for tortious interference, and the motion (Doc. 7) to dismiss is **GRANTED** with respect to Count II.

Though included as a separate "count," Count III asserts no "claim," only a request for injunctive relief arising from the claims in Counts I and II. To the extent Count III seeks preliminary injunctive relief, the request is procedurally improper. If construed as a motion for a preliminary injunction, Count III wholly fails to meet the requirements of Local Rules 4.05 and 4.06 and Rule 65, Federal Rules of Civil Procedure. The complaint includes neither verified allegations of fact nor facts from which the Court "can make a reasoned determination as to the amount of security which must be posted pursuant to Rule 65(c)." Count III also fails meaningfully to address the requirements of Local Rule 4.05(b)(4). The plaintiff fails to establish the irreparable nature of the threatened injury[2] and alleges no extraordinary circumstance to justify overriding the strong public interest against imposing a prior restraint on speech.[3]

To the extent Count III seeks preliminary injunctive relief, Count III is construed as motion for a preliminary injunction and the motion is **DENIED** as procedurally improper and **DENIED** on the merits. To the extent State Farm's motion (Doc. 7) to dismiss challenges the plaintiff's request for preliminary injunctive relief, the motion (Doc. 7) is **DENIED AS MOOT**. To the extent State Farm's motion (Doc. 7) to dismiss challenges

---

[2] See Community for Creative Non-Violence v. Pierce, 814 F.2d 663, 672 (D.C. Cir. 1987) ("The usual rule is that equity does not enjoin a libel or slander and that the only remedy for defamation is an action for damages.").

[3] Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees and Rest. Employees Int'l Union, 239 F.3d 172, 176 (2d Cir. 2001) ("[P]rior restraints are 'the most serious and the least tolerable infringement on First Amendment rights.' When a prior restraint takes the form of a court-issued injunction, the risk of infringing on speech protected under the First Amendment increases." (quoting Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 559, 96 S.Ct. 2791, 49 L.Ed.2d 683 (1976)).

the plaintiff's request for a permanent injunction, the motion (Doc. 7) is **DENIED** as premature.[4]

### Motion to Strike

State Farm moves (Doc. 8) to strike paragraphs seven and ten of the complaint, and the plaintiff fails to respond. Accordingly, the unopposed motion (Doc. 8) is **GRANTED**, and paragraphs seven and ten of the complaint are **STRICKEN**.

### Conclusion

State Farm's motion (Doc. 7) to dismiss is **GRANTED** with respect to Count II and **DENIED** with respect to Count III. Count II of the complaint (Doc. 5) is **DISMISSED**. Count III of the complaint (Doc. 5) is construed as a motion for preliminary injunction, and the motion (Doc. 5) is **DENIED** as procedurally improper and **DENIED** on the merits. State Farm's unopposed motion (Doc. 8) to strike is **GRANTED**, and paragraphs seven and ten of the complaint (Doc. 5) are **STRICKEN**.

ORDERED in Tampa, Florida, on May 22, 2009.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[4] Nevertheless, the plaintiff's request for a permanent injunction also appears improper. See Tory v. Cochran, 544 U.S. 734, 738 (2005); e360 Insight v. The Spamhaus Project, Ltd., 500 F.3d 594, 605 (noting the "sensitive First Amendment issues presented in the context of permanent injunctions in defamation actions"); Metropolitan Opera Ass'n, Inc. v. Local 100, Hotel Employees & Rest. Employees Int'l Union, 239 F.3d 172, 177 (2d Cir. 2001) ("[F]or almost a century the Second Circuit has subscribed to the majority view that, absent extraordinary circumstances, injunctions should not ordinarily issue in defamation cases."); Erwin Chemerinsky, Injunctions in Defamation Cases, 57 Syracuse L. Rev. 157 (2007) (arguing that permanent injunctive relief should never be available as a remedy in a defamation action). But see Balboa Island Vill. Inn, Inc. v. Lemen, 156 P.3d 339 (Cal. 2007) (concluding that an injunction prohibiting speech already found defamatory by the trial court was not an invalid prior restraint but holding that the injunction was overbroad). The plaintiff alleges no extraordinary circumstance warranting a permanent injunction.