# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 16, 2011

Sheryl L. Loesch
United States District Court
801 N FLORIDA AVE RM 200
TAMPA, FL 33602-3849

Appeal Number: 10-11739-DD
Case Style: Gunder's Auto Center v. State Farm Mutual Automobile I
District Court Docket No: 8:09-cv-00456-SDM-MAP

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby
issued as the mandate of this court, also enclosed are the following: two volumes of record on
appeal and one folder of exhibits. The clerk of the court or agency shown above is requested to
acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's
decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was
previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: James O. Delaney
Phone #: 404-335-6113

Enclosure(s)

MDT-1 Letter Issuing Mandate

**UNITED STATES COURT OF APPEALS**
**For the Eleventh Circuit**

No. 10-11739

District Court Docket No.
8:09-cv-00456-SDM-MAP

> FILED
> U.S. COURT OF APPEALS
> ELEVENTH CIRCUIT
> APR 7, 2011
> JOHN LEY
> CLERK

GUNDER'S AUTO CENTER,

    Plaintiff - Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

    Defendant - Appellee.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By:_____
Deputy Clerk
Atlanta, Georgia

Appeal from the United States District Court for the
Middle District of Florida

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by
reference, is entered as the judgment of this Court.

Entered: April 07, 2011
For the Court: John Ley, Clerk of Court
By: Nancy M. Gilman

ISSUED AS MANDATE
JUN 1 6 2011
U.S. COURT OF APPEALS
ATLANTA GA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11739
Non-Argument Calendar

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| APR 7, 2011 |
| JOHN LEY |
| CLERK |

_____

D.C. Docket No. 8:09-cv-00456-SDM-MAP

GUNDER'S AUTO CENTER,

Plaintiff - Appellant,

versus

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 7, 2011)

Before TJOFLAT, EDMONDSON and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Gunder's Auto Center ("Gunder's") appeals the district

court order granting summary judgment in favor of Defendant-Appellee State

Farm Mutual Automobile Insurance Co. ("State Farm") on Plaintiff's claim of slander. Plaintiff also appeals the district court's Rule 12(b)(6) order dismissing Plaintiff's tortious-interference-with-a-business-relationship claim. No reversible error has been shown; we affirm.

Gunder's is an automobile repair shop in Polk County, Florida. For many years, Gunder's was a member of State Farm's "preferred program." Repair shops participating in State Farm's "preferred program" agree to perform repairs at the cost to which State Farm has agreed to reimburse its insureds: the "prevailing competitive rate" as determined by State Farm. So, a State Farm insured who selects a "preferred program" shop is assured that the shop will not charge the customer more than State Farm is willing to pay.

Gunder's was terminated from the "preferred program" in 2004. Gunder's alleges its termination resulted from its communications with other "preferred program" repair shops about State Farm's refusal to pay for certain repair procedures. Gunder's also alleges that, after its termination, State Farm began "steering" Gunder's current and potential customers to other shops; that State Farm "intentionally and unjustifiably" interfered with Gunder's relationship with it customers and prospective customers by telling its insureds that Gunder's

2

overcharged customers; and that Gunder's repairs were untimely, inefficient and sub-standard.

We review a grant of summary judgment by a district court *de novo* applying the same legal standards that bound the district court and viewing all facts and reasonable inferences in the light most favorable to the non-movant. Owner-Operator Independent Drivers Ass'n, Inc. v. Landstar System, Inc. 622 F.3d 1307, 1316 (11th Cir. 2010). Our review of a grant of a motion to dismiss also is *de novo*; we accept the factual allegations of the complaint as true and construe them in favor of the plaintiff. Brotherhood of Locomotive Engineers v. CSX Transp., Inc. 522 F.3d 1190, 1193-1194 (11th Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v Twombly, 127 S.Ct. 1955, 1965 (2007) (internal citations omitted). And pleadings offering only labels and legal conclusions couched as factual allegations enjoy no presumption of truth and offer no support to the sufficiency of the complaint. See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009).

To recover for slander in Florida, the claimant must show (1) publication of a false statement; (2) about the plaintiff; (3) to a third party; and (4) damage

resulting to plaintiff from the publication.  Furmanite America, Inc. v. T.D. Williamson, Inc., 506 F.Supp. 2d 1134, 1140 (M.D. Fla. 2007).

To state a claim for tortious interference in Florida, the claimant must show (1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference by the defendant; and (4) damage from the breach of the relationship.  Gossard v. Adia Servs., Inc., 723 So.2d 182, 184 (Fla. 1998).

The Slander Claim.

Although denied by State Farm, we assume the statements allegedly made by State Farm disparaging Gunter's were made and are untrue.  Nonetheless, we agree with the district court that State Farm's statements were privileged:

> A communication made in good faith on any subject
> matter by one having an interest therein, or in reference
> to which he has a duty, is privileged if made to a person
> having a corresponding interest or duty, even though it
> contains matter which would otherwise be actionable.

Nodar v. Galbreath, 462 So.2d 803, 809 (Fla. 1984) (quoting 19 Fla. Jur. 2d Defamation and Privacy § 58 (1980)).  Because all statements were made to State Farm insureds in the context of a claim under a State Farm insurance policy, and because all statements concerned a matter of mutual interest to the insureds and

4

State Farm -- the quality, timeliness and costs of vehicles repairs -- the statements were privileged.

The privilege raises a presumption of good faith on the part of the speaker, but the privilege is not absolute. The privilege is forfeited if the statements are made with express malice:

> [w]here a person speaks upon a privileged occasion, but the speaker is motivated more by a desire to harm the person defamed than by a purpose to protect the personal or social interest giving rise to the privilege, then it can be said that there was express malice and the privilege is destroyed.

Id. at 811. As long as the communication is motivated by a desire to protect the interest giving rise to the privilege, the privilege is not forfeited merely because hostility or ill will also are felt by the speaker. Id. at 812. And "[w]hile malice may be inferred from the communication, it is not inferable from the mere fact that the statements are untrue." Id. at 810, quoting Coogler v. Rhodes, 21 So. 109, 112 (Fla. 1897). To overcome the privilege and recover for slander, a plaintiff bears the burden of showing express malice. Id.

Gunder's failed to proffer sufficient evidence of express malice to raise a material issue of fact for a jury. The statements of which Gunter's complains -- even assuming their falsity -- supports no inference of malice, and Gunter's failed

to proffer extrinsic evidence of express malice.  Summary judgment was due on

Gunder's slander claim.


The Tortious-Interference Claim.

Gunder's makes no allegation that State Farm interfered with customers or

prospective customers of Gunder's who were not State Farm insureds.  As a matter

of law, "[t]here can be no claim [for tortious interference with a business

relationship] where the action complained of is undertaken to safeguard or

promote one's financial or economic interest."  Barco Holdings, LLC v Terminal

Inv. Corp., 967 So.2d 281, 293 (Fla. Dist. Ct. App. 2007) (second alteration in

original), quoting Genet Co. v. Annheuser-Busch, Inc., 498 So.2d 683, 684 (Fla.

Dist. Ct. App. 1986).

Because State Farm is obligated to indemnify its insureds for repair work

done on its insureds' cars, State Farm is no stranger to the business relationship

between Gunder's and customers who are insured by State Farm.  See id.; see also

Palm Beach County Health Care Dist. v. Prof. Medical Educ., Inc., 13 So.3d 1090,

1094 (Fla. Dist. Ct. App. 2009) ("[u]nder Florida law, a defendant is not a stranger

to a business relationship, and thus cannot be held liable for tortious interference,

when it has a supervisory interest in how the relationship is conducted or a

potential financial interest in how a contract is performed."). Allegations set out

in the complaint show that State Farm had a protectible interest in the relationship

between Gunder's and State Farm insureds. In the light of that protectible interest,

the First Amended Complaint failed to state a claim.

Gunder's argues that if State Farm is considered to enjoy a privilege which

otherwise protects State Farm from a tortious-interference claim, State Farm lost

that privilege: "a tortious interference claim may succeed if improper methods

were used." KMS Restaurant Corp. v. Wendy's International, Inc., 361 F.3d 1321,

1327 (11th Cir. 2004).* But, as the district court determined in denying Gunter's

motion for reconsideration, Gunder's failed to raise its "improper means"

argument in response to State Farm's Rule 12(b)(6) motion; and, in arguing

improper means in the motion for reconsideration, Gunder's relied on paragraphs

of the complaint that had been stricken earlier by the court.

On appeal, Gunder's cites -- for the first time -- paragraph 19 of the

amended complaint to claim it pleaded improper means. Even if Gunder's has

preserved this argument, the only arguably improper means Gunder's alleged in

---

*The privilege may also be forfeited if "malice is the *sole* basis for the interference. In other words, the party must be interfering *solely* out of spite, to do harm, or for some other bad motive." KMS Restaurant Corp., 361 F.3d at 1326, quoting Ernie Haire Ford, Inc. v. Ford Motor Co., 260 F.3d 1285, 1294 n.9 (11th Cir. 2001). We have already noted in our discussion of the slander claim that Gunder's failed to proffer sufficient evidence of malice.

Paragraph 19 are the statements Gunder's claims State Farm made to its insureds about the costs, quality, and timeliness of Gunder's repairs.  These statements are the same statements upon which Gunder's grounds its slander claims.  Even assuming the falsity of those statements, as earlier discussed, those statements were privileged; they fail to show the  improper means needed to defeat State Farm's privilege against a tortious-interference claim.  See Networkip LLC v. Spread Enterprises, Inc., 922 So.2d 355, 358 (Fla. Dist. Ct. App. 2006) ("a cause of action for tortious interference requires a showing of both intent to damage the business relationship and a lack of justification to take the action which caused the damage.).

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By:_____
Deputy Clerk
Atlanta, Georgia

8